PER CURIAM.
We affirm the trial court’s order dismissing the defendant’s motion to correct illegal sentence without prejudice. In March 2000, Mr. Phillibert filed this motion pursuant to Florida Rule of Criminal Procedure 3.800(a). At that time, he had a pending direct appeal in this court. Since then, this court has affirmed his conviction and sentence and issued a mandate.
*1172 Until recently, a motion pursuant to rule 3.800(a) could be filed during the pendency of a direct appeal. However, in January 2000, the supreme court amended rule 3.800(b) to expand the defendant’s ability to correct sentencing errors during the pendency of an appeal with the assistance of counsel.
Because the defendant’s counsel is authorized to file a motion to correct an unpreserved sentencing error in the trial court up through the time for filing the initial brief and may challenge all preserved sentencing errors in that brief, the supreme court amended rule 3.800(a) to eliminate the right to file motions pursuant to rule 3.800(a) during the appellate proceeding. This prevents a single sentencing issue from being presented simultaneously in a direct appeal and in a post-conviction proceeding.
Thus, defendants should not file pro se motions to correct illegal sentences during the pendency of their direct appeal, and the trial court should normally dismiss such motions as premature. In the alternative, a trial court may wish to stay the motion pending the outcome of the appeal.
In this case, Mr. Phillibert wishes to challenge his sentence under the 1995 sentencing guidelines. It appears that his case falls in the window period under Heggs v. State, 759 So.2d 620 (Fla.2000). However, it is not clear from the record that Mr. Phillibert is entitled to relief under Heggs. Mr. Phillibert should determine whether this issue was previously raised in Ms direct appeal, and if the issue was not raised, then he must file another motion to correct illegal sentence if he wishes this issue to be resolved by the trial court.
Affirmed.
ALTENBERND, A.C.J., and GREEN and SALCINES, JJ., Concur.